COWART, Judge.
We affirm the final judgment of the trial court because we find no abuse of the trial court’s discretion. We also do not agree with appellant’s contention that the award of child support is vague and indefinite in amount. The provision of the final judgment with respect to child support reads as follows:
The Respondent, ROBERT A. PRALLE, JR., a/k/a ROBERT A. PRALLE, commencing on the 15th day of July, 1982, and on the 15th day of each calendar ' month thereafter, shall pay to the Petitioner, CYNTHIA K. PRALLE, the sum of $500.00, allocated $250.00 per month per child, as and for his contribution to the support and maintenance of the parties’ said children during such time as they shall be physically with the petitioner. In addition thereto, he shall pay when due such sum or sums as may be *456 reasonably required and necessary for the hospital and medical care of the parties’ said children.
The trial court directed that custody of the children be shared between the parents pursuant to section 61.13, Florida Statutes (Supp.1982). At the final hearing the husband testified that the children had been spending approximately 15 days per month with him and the remaining time with the wife. Prior to the hearing the husband had been making monthly child support payments of $550.00 per month. In this context, we find the final judgment obligates the husband to pay $500 per month in child support. The phrase “during such time as they shall be physically with the petitioner” does not modify or qualify the husband’s obligation to pay $500 per month but merely describes the child support payment and sets forth the factual basis for the support order. Therefore, we find no abuse of discretion in the amount of the child support.
AFFIRMED.
COBB, J., concurs.
SHARP, J., dissents with opinion.